IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | | |
| Plaintiff, | | 1:19-cr-00475-MC |
| v. | | |
| **DELFINO ANGEL DAVILA-TAMAYO,** | | **OPINION AND ORDER** |
| 8 | | Defendant. |

_____

**MCSHANE, Judge**:

Defendant Delfino Angel Davila-Tamayo moves to reduce his sentence under 18 U.S.C. § 3582(c)(2), based on Amendment 821 to the Sentencing Guidelines. Because the Defendant is not eligible for a sentence reduction under Amendment 821, ECF No. 60 is DENIED.

## **LEGAL STANDARD**

Under 18 U.S.C. § 3582, a court may reduce the term of imprisonment of a defendant who has been sentenced to "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). This exception "does not authorize a resentencing[,]" but "represents a congressional act of lenity intended to give prisoners

1 – OPINION AND ORDER

the benefit of later enacted adjustments to the judgments reflected in the Guidelines." *Dillon v. United States*, 560 U.S. 817, 831, 828 (2010).

In deciding whether to reduce a sentence under § 3582(c) based on a retroactive amendment to the Sentencing Guidelines, a court must first consider the scope of the reduction authorized by the amendment, and then consider whether such a reduction is warranted based on the factors set forth in 18 U.S.C. § 3553(a). *United States v. Martinez-Rodriguez*, 3:13-cr-00452-HZ-1, 2024 WL 65141, at *1 (D. Or. Jan. 5, 2024) (quoting *Dillon*, 560 U.S. at 826).

## DISCUSSION

On July 29, 2021, the Court sentenced Mr. Davila-Tamayo to 120 months of incarceration for distribution of methamphetamine. Gov.'s Resp. 1, ECF No. 62. On November 1, 2023, Amendment 821 to the Sentencing Guidelines went into effect. *See* U.S. Sent'g Comm'n, Amendment 821, https://www.ussc.gov/guidelines/amendment/821 (last visited June 6, 2024). The amendment applies retroactively. *See* U.S.S.G. § 1B1.10(d)–(e). Part A of Amendment 821 decreases the number of "status points" received under U.S.S.G. § 4A1.1 by individuals who commit their offense while under a criminal justice sentence. *See Martinez-Rodriguez*, 2024 WL 65141, at *2 (explaining the scope of Amendment 821). Part B of Amendment 821 concerns "zero-point offenders" and reduces the term of imprisonment for offenders who receive no criminal history points. *Id*, at *2 (citing U.S.S.G. § 4C1.1(a)).

Although Mr. Davila-Tamayo does not specify which provision of Amendment 821 applies to his sentence, she would not qualify under either Part A or Part B. Mr. Davila-Tamayo is not eligible for a reduction under on Part A because he does not have any status points from her criminal history score. Therefore, there are no status points to subtract from his criminal history

score. Similarly, Mr. Davila-Tamayo is not a zero-point offender because he received one criminal history point. She is thus ineligible for a reduction under Part B of Amendment 821. PSR ¶ 40.

## CONCLUSION

Mr. Davila-Tamayo's Motion to Reduce Sentence (ECF No. 60) is DENIED.

IT IS SO ORDERED.

DATED this 8th day of July, 2024.

                                          ___s/Michael J. McShane___
                                          Michael J. McShane
                                          United States District Judge